United States District Court
Southern District of Texas
**ENTERED**
August 08, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JESUS SOLIZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00238 |
| | § | |
| BRYAN COLLIER, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner, Jesus Soliz, is a state prisoner incarcerated at the Holliday Unit in Huntsville, TX. (D.E. 1). Proceeding *pro se*, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2254, asserting he has been deprived of a prompt parole revocation hearing and challenging the loss of credits to his sentence. (D.E. 1). Pending is Respondent's Motion for Summary Judgment to which Petitioner has responded. (D.E. 15 and D.E. 20). For the reasons stated below, it is respectfully recommended the Court **GRANT** Respondent's Motion for Summary Judgment (D.E. 15) and **DISMISS** this case. The undersigned further recommends the Court **DENY** a Certificate of Appealability.

## I.      JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241 and 2254. A habeas action may be filed either in the district where petitioner is in custody or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000). Jurisdiction and venue

are proper in this Court because Petitioner was convicted within the Corpus Christi Division of the Southern District of Texas. *Id.*; 28 U.S.C. § 124(b)(6). This case has been referred to the undersigned pursuant to 28 U.S.C. § 636.

## II.    BACKGROUND

On October 25, 1988, Petitioner was found guilty of burglary of a habitation, enhanced as a repeat offender, after a jury trial in the 36th District Court of San Patricio County, Texas, and was sentenced to 30 years' incarceration. (D.E. 17-31, Pages 6-7). Petitioner was released to supervision on August 30, 1991. (D.E. 15-1, Pages 3 and 4). A pre-revocation warrant was issued on December 31, 1991 and executed on January 4, 1992 with Petitioner's supervision revoked on February 13, 1992. (D.E. 15-1, Page 3). Petitioner forfeited four months and four days credit. He was again released to supervision on July 18, 1994. (D.E. 15-1, Page 3). Two pre-revocation warrants were issued, executed and then withdrawn between 1995 and 1997. (D.E. 15-1, Page 3). A fourth pre-revocation warrant was issued on September 10, 1998, executed on September 27, 1999 and Petitioner's supervision was revoked on April 3, 2000.[1] (D.E. 15-1, Page 3). Petitioner forfeited four years, seven months and four days credit. (D.E. 15-1, Pages 3 and 5). On December 15, 2000, Petitioner filed a state habeas application challenging his parole revocation. (D.E. 17-8, Page 33). This state habeas application was denied without written

---

[1]Petitioner was convicted by the 28th District Court of Nueces County on two counts of indecency with a child for offenses occurring on June 15, 1998 and July 15, 1998 and was sentenced to two 30-year sentences on February 11, 2000. (D.E. 15-1, Page 5 and D.E. 17-8, Page 57). Petitioner then filed a motion for new trial which was granted on April 27, 2000. (D.E. 17-8, Page 63). On May 7, 2003, Petitioner pled guilty to both counts and was sentenced to five years' incarceration. (D.E. 17-33, Pages 11-15).

order on February 28, 2001.  (D.E. 17-8, Page 2).  On January 31, 2003, Petitioner was transferred from TDCJ custody to the custody of the Nueces County Sherriff's Office pursuant to a bench warrant.  (D.E. 15-1, Pages 5-6).  On April 11, 2003, a jury in the 28th District Court of Nueces County convicted Petitioner of theft and sentenced him to ten years' incarceration and he was then returned to TDCJ custody on May 27, 2003.  (D.E. 15-1, Pages 5-6 and D.E. 17-10, Pages 23-26).  Petitioner was again released from custody just over eight years later, on September 1, 2011.  (D.E. 15-1, Pages 2 and 6).  From 2012 to 2017, four additional pre-revocation warrants were issued, executed and then withdrawn. (D.E. 15-1, Page 2).  On August 28, 2020, a pre-revocation warrant was issued and executed because Petitioner was charged with sexual assault and he also failed to complete a sex offender treatment program as instructed by his parole officer. (D.E. 15-1, Pages 2 and 8 and D.E. 17-31, Page 95 and 98-99).  Petitioner waived his preliminary parole revocation hearing on August 30, 2020.  (D.E. 17-31, Page 96).[2]  On September 11, 2020, the Texas Board of Pardons and Paroles ("BPP") decided to proceed with Petitioner's final parole revocation hearing after Petitioner's pending sexual assault charge was adjudicated. (D.E. 17-31, Page 99) ("Proceed to Revocation Hearing upon Adjudication of Charges).

On April 28, 2022, Petitioner filed for state habeas relief asserting he was denied a preliminary hearing and his waiver was involuntary; his final parole revocation hearing was being unlawfully delayed and he also challenged the loss of credits toward his

---

[2]Specifically, the waiver stated:  "I do not want a PRELIMINARY hearing.  I understand that the parole officer has no authority to make promises as to what will happen if I do not have a hearing.  I acknowledge that a parole panel may proceed to a revocation proceeding.  I have not been coerced into signing a waiver."  (D.E. 17-31, Page 96) (emphasis in original).

sentence.  (D.E. 17-31, Pages 8-32).  This state habeas application was denied without written order on August 24, 2022.  (D.E. 17-32).  Petitioner filed this case on September 27, 2022.  (D.E. 1, Page 10).  Petitioner's supervision was then revoked on October 31, 2022, after he was convicted of sexual assault and sentenced to three years' incarceration on September 30, 2022 in the 347th District Court of Nueces County.  (D.E. 15-1, Pages 2 and 8; D.E. 15-2, Pages 3, 15 and 18).  He received jail credit from August 28, 2020 to the present.  (D.E. 15-1, Pages 2 and 8-9).

## III.  PETITIONER'S GROUNDS FOR RELIEF

Petitioner asserts eight grounds for relief.  (D.E. 1 and D.E. 1-2).  Specifically, Petitioner argues:

1.  His final parole revocation hearing after his August 2020 arrest was unlawfully delayed after he involuntarily waived his preliminary hearing and was deprived of the assistance of counsel.  (D.E.1, Page 6; D.E. 1-2, Page 1).  Petitioner asserts he "is being denied due process to a preliminary hearing and appointment of counsel in violation of clearly established law" under *Morrissey v. Brewer*, 408 U.S. 471 (1972), as his final hearing was postponed for several years until his new criminal charges were adjudicated.  (D.E. 1-2, Page 1).

2.  His final parole revocation hearing after his August 2020 arrest was delayed because his parole officer failed to advise him of the option to admit to one of the parole violations, which would have expedited the revocation process.  (D.E. 1, Page 6; D.E. 1-2, Pages 1-2).  Petitioner asserts his parole officer's failure deprived him of a prompt final parole revocation hearing in violation of his due process rights.  (D.E. 1-2, Page 2).

3.  The Texas Board of Pardons and Paroles has policies and practices that permit the indefinite delay of his final parole revocation hearing until after the adjudication of his pending criminal charges in violation of *Morrissey v. Brewer*, 408 U.S. 471 (1972) (D.E. 1, Page 7; D.E. 1-2, Page 2).

4.      The Texas parole revocation statute, Section 508.282(a)(1)(A),(B) of the Texas Government Code, violates due process by permitting the delay of his final parole revocation hearing after his August 2020 arrest.  (D.E. 1, Page 7).

5.      His 1988 thirty-year sentence for burglary of a habitation was illegally extended following the revocation of his parole in April 2000 from August 21, 2018 to July 31, 2023.  (D.E. 1-2, Page 3).

6.      The extension of his sentence following the revocation of his parole in April 2000 violates the Equal Protection Clause and his right to due process. (D.E. 1-2, Page 4).  Petitioner asserts his current confinement based on the execution of a parole warrant from 2020 amounts to illegal confinement as his 30 year sentence should have expired on August 21, 2018.  (D.E. 1-2, Page 4).

7.      Following the revocation of his parole in April 2000, he was deprived of calendar and flat-time credits earned during the period of parole supervision between July 1994 and September 1999.  (D.E. 1-2, Page 4-5).

8.      Following the revocation of his parole in April 2000, he was deprived of good time credits earned during the period of parole supervision between July 1994 and September 1999.  (D.E. 1-2, Page 6).


IV.     **APPLICABLE LEGAL STANDARDS**

   **A.  Summary Judgment**

      In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  Once the movant presents a properly supported motion for summary judgment, the burden shifts to the non-movant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.,* 232 F.3d 473, 477 (5th Cir. 2000).

Generally, Rule 56 of the Federal Rules of Civil Procedure, which governs summary judgment procedure, applies with equal force to federal habeas corpus cases. *Clark v. Johnson*, 202 F.3d 760, 764-65 (5th Cir. 2000) (citations omitted); *see also* Fed. R. Civ. P. 81(a)(4) ("These rules apply to proceedings for habeas corpus…").  However, Rule 56 applies only to the extent that it does not conflict with the federal rules governing habeas proceedings. *Smith v. Cockrell,* 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke,* 542 U.S. 274 (2004).  Accordingly, § 2254(e)(1), mandating that a state court's findings are presumed to be correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the non-movant. *Smith*, 311 F.3d at 668.  Unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, such findings must be accepted as correct by the federal habeas court.  § 2254(e)(1); *Id.*

### B. Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") 28 U.S.C. §2254

Federal habeas corpus petitions are governed by the AEDPA.  Relief shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3) & § 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993).  Under AEDPA, a state prisoner may not obtain relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (a) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(b) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the U.S. Supreme Court on a question of law or if the state court decides a case differently than the Court on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Court's decisions but unreasonably applies the principle to the facts of the prisoner's case.  *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000).  Although "unreasonable" is difficult to define, the Court noted it is an objective, rather than subjective, standard and emphasized that there is a critical difference between an unreasonable application of federal law and a merely "incorrect" or "erroneous" application of federal law.  *Neal v. Puckett*, 239 F.3d 683, 687 (5th Cir. 2001) (citing *Williams*, U.S. 362 at 412-13).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fair minded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  A federal habeas court must determine what theories or arguments supported, or could have supported, that state court's decision.  If a decision by a state court is silent as to the reasons for the denial, a federal habeas court can "look

through" the decision and evaluate the last reasoned state court decision.  *Bledsue v. Johnson*, 188 F.3d 250, 256 (5th Cir. 1999).[3]  Then, the federal habeas court must ask whether it is possible that fair minded jurists could disagree that the arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court.  *Harrington*, 131 S. Ct. at 786.  Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable.  *Id.*  (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)).

This standard is very difficult to meet.  "As amended by AEDPA, § 2254(d) stops short of the imposing a complete bar on federal court litigation of claims already rejected in state proceedings…It preserves authority to issue the writ in cases where there is no possibility fair minded jurists could disagree that the state court's decision conflicts with this Court's precedents.  It goes no farther."  *Harrington*, 131 S. Ct. at 786.  "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement."  *Id.* at 786-787.

A state court's factual findings are presumed to be correct and a petitioner has the burden of rebutting the presumption with clear and convincing evidence.  *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006).  This deference extends not only to express findings of fact, but to the implicit findings of the state court.  *Id.*  In addition, "where a

---

[3]The TCCA has explained a "denial" signifies the Court addressed and rejected the merits of a particular claim while a "dismissal" means the Court has declined to consider the claim for reasons unrelated to the claim's merits. *Bledsue*, 188 F.3d at 257 (citing *Ex parte Thomas,* 953 S.W.2d 286, 289 (Tex. Crim. App. 1997)).

8 / 18

state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington*, 131 S. Ct. at 784.

## V.   RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

### A.  Claims One Through Four

In his first four claims, Petitioner asserts he was deprived of a timely final parole revocation hearing following his August 28, 2020 arrest for sexual assault and for failing to complete a sex offender treatment program as instructed by his parole officer.  (D.E. 1, Pages 6-7 and D.E. 1-2, Pages 1-2).

Petitioner has a right to minimal due process in parole revocation proceedings.  *Gagnon v. Scarpelli*, 411 U.S. 778, 781 (1973); *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972).  The Fifth Circuit Court of Appeals has held the right to a speedy trial is not applicable to probation and parole revocation hearings because they are not stages of a criminal prosecution.  *United States v. Williams,* 558 F.2d 224, 226 (5th Cir. 1977) (quoting *Gagnon,* 411 U.S. at 782)).  Rather, as a matter of federal due process, a parolee is entitled only to a revocation hearing within a reasonable time after he is taken into custody.  *Morrissey*, 408 U.S. at 488.  A delay in providing a hearing does not constitute a violation of due process entitling the parolee to immediate release.  *Villarreal v. United States Parole Comm'n*, 985 F.2d 835, 837-38 (5th Cir. 1993).  To obtain federal habeas relief, a petitioner must demonstrate the delay was both unreasonable and resulted in actual prejudice.  *Id*. (citations omitted).  Further, a delayed final revocation hearing

during the period in which a parolee is awaiting trial on new criminal charges is neither unreasonable nor prejudicial. *Beck v. Wilkes*, 589 F.2d 901, 903 (5th Cir. 1979).

Petitioner waived his preliminary parole revocation hearing on August 30, 2020. (D.E. 17-31, Page 96). Petitioner's final parole revocation hearing was then held on October 19, 2022 and his supervision was revoked on October 31, 2022, just over one month after he filed this case and after he was convicted of sexual assault and sentenced to three years' incarceration on September 30, 2022 in the 347th District Court of Nueces County. (D.E. 1, Page 10). D.E. 15-1, Pages 2 and 8; D.E. 15-2, Pages 3, 15 and 18).[4] Therefore, less than three weeks after his pending sexual assault charge was adjudicated, a final revocation hearing was held. Accordingly, the undersigned recommends Petitioner cannot show that any unreasonable delay in the final parole revocation proceeding resulted in actual prejudice. *Baca v. Owens*, 293 F. App'x 247, 251 (5th Cir. 2008) (citing *Morrissey*, 408 U.S. at 482 and *Villarreal*, 985 F.2d at 837).

Additionally, the undersigned recommends Petitioner received due process in his final revocation proceeding. The Supreme Court has held a parolee is entitled to the following procedural safeguards: (a) written notice of the alleged parole violation; (b) disclosure of the evidence against him; (c) an opportunity to be heard personally and to present evidence and witnesses; (d) the right to confront and cross-examine adverse

---

[4]Pursuant to Texas Government Code §§ 508.281 and 282, a petitioner is entitled to a hearing within 41 days of the revocation warrant only if he committed an administrative violation of his parole, if he was in sheriff's custody and discharged his sentence or the new charges were dismissed. Petitioner has not demonstrated he met any of these requirements. The Texas Court of Criminal Appeals has determined "the forty-one day deadline for giving [a defendant] his final parole revocation hearing…does not apply when the defendant who was arrested on parole revocation warrant had been indicted for a new offense." *Ex part Cordova*, 235 S.W.3d 735, 736 (Tex.Crim.App. 2007). The undersigned notes the Texas Legislature has amended this section, effective September 1, 2023.

witnesses unless the hearing officer specifically finds good cause for not allowing confrontation; (e) a hearing before a neutral and detached body; and (f) a written statement by the finder of fact describing the evidence reviewed and the reasons for revoking parole. *Morrissey*, 408 U.S. at 488-89; *Gagnon*, 411 U.S. at 786 (citing *Morrissey*, 408 U.S. at 489).

Here, Petitioner received notice of his rights and the alleged parole violations before and after his pending criminal charge was finalized. (D.E. 17-31, Pages 94-95 and D.E. 15-2, Pages 2-3). After being convicted of sexual assault on September 30, 2022, Petitioner was entitled only to a mitigation hearing under Texas law upon his request. (D.E. 15-2, Page 4); Tex. Gov't Code § 508.281(b) (Determination that a parolee has been convicted and sentenced to a term of confinement for a new felony offense is considered to be a sufficient hearing for revocation, except that the parole panel "shall conduct a hearing to consider mitigating circumstances if requested.") After he made this request, a hearing was held on October 19, 2022 at which Petitioner appeared in person, presented witnesses and evidence and was given the right to confront and cross examine witnesses. (D.E. 15-2, Pages 5-14). A neutral decision maker then decided to revoke Petitioner's parole and Petitioner received a written statement with the reasons for revoking his parole and the supporting evidence. (D.E. 15-2, Pages 5-18). Therefore, Petitioner has failed to show he did not receive due process in the revocation proceedings.

Additionally, in his response, Petitioner asserts "he was not accorded a fair and meaningful state habeas corpus proceeding which comported with due process of law"

because of alleged infirmities, such as inadequate notice or copies of records.  (D.E. 20, Pages 3-4).  However, "infirmities in state habeas proceedings do not constitute grounds for federal habeas relief."  *Moore v. Dretke*, 369 F.3d 844, 846 (5th Cir. 2004) (citation omitted); *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999) (citations omitted).

### B.  Claims Five Through Eight

Respondent asserts Petitioner's claims five through eight should be summarily dismissed as time barred.  The undersigned agrees.  These claims are not timely filed pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA") which establishes a one-year statute of limitations period runs from the latest of four alternative dates:

> (A)    the date on which the judgment become final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  This period is tolled during the time a petitioner properly files for state post-conviction writ review.  28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of

limitation under this subsection.")  Petitioner filed his current petition after the effective

date of AEDPA and so is subject to its provisions.  *Lindh v. Murphy*, 521 U.S. 320 (1997).

Petitioner's claims five through eight all challenge the validity of the April 3, 2000

parole revocation decision, the last time his parole was revoked at the time he filed this

case, seeking restoration of certain credits which were forfeited.  Petitioner argues his 1988

30 year sentence for burglary of a habitation should have been completed no later than

2018 but has now been illegally extended to 2023 because his sentence credits were

forfeited as a result of his parole revocation in 2000.  (D.E. 1-2, Pages 3-6).  Under these

circumstances, the one-year statute of limitations for federal habeas review began to run

on "the date on which the factual predicate of the claim or claims presented could have

been discovered through the exercise of reasonable diligence."  28 U.S.C. § 2244(d)(1)(D).

Petitioner forfeited four years, seven months, and seven days of street time and good time

credit after his April 3, 2000 parole revocation as a result of his convictions for indecency

with a child.  (D.E. 15-1, Page 5; D.E. 17-8, Page 57 and D.E. 17-33, Pages 11-15).

Therefore, Petitioner knew or could have discovered the factual predicate for his claims on

April 3, 2000.  Petitioner did not file a time dispute resolution ("TDR") form after his

credits were revoked.  However, Petitioner's state habeas application challenging the

revocation was filed on December 15, 2000 and denied on February 28, 2001, tolling the

limitations period during this time.  Therefore, Petitioner had until June 18, 2001[5] to file a

---

[5]Respondent inadvertently lists the deadline as June 27, 2001.  (D.E. 15, Page 13).  However, Respondent calculated the correct number of days limitations was tolled.  Using either date, the petition is untimely by over 20 years.

federal petition challenging his conviction.   Accordingly, Petitioner's pending federal habeas petition filed on September 27, 2022, over 20 years later, is clearly untimely.[6]

However, the one-year period of limitations in § 2244(d)(1) of AEDPA is not a jurisdictional bar and can be equitably tolled in rare and exceptional circumstances.   *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *Umana v. Davis*, 791 F. App'x 441, 443 (5th Cir. 2019).   A petitioner is entitled to equitable tolling if he shows that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing.   *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citations omitted); *Palacios v. Stephens*, 723 F.3d 600, 604 (citing *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012) (citations omitted)).   "[N]either excusable neglect nor ignorance of the law is sufficient to justify equitable tolling."   *Sutton v. Cain*, 722 F.3d 312, 317 (5th Cir. 2013) (citing *Fierro v. Cockrell*, 294 F.3d 674, 682-83 (5th Cir. 2002) (It is "clear that a lack of knowledge of the law, however understandable it may be, does not ordinarily justify equitable tolling.") (citations omitted).   Nor does unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason) or lack of representation

---

[6]While Petitioner conclusory asserts he is entitled to a factual predicate date of either September 21 or 23, 2021 because that is when he discovered TDCJ allegedly never received the April 27, 2000 order granting his motion for a new trial in his indecency with a child case, Petitioner has failed to demonstrate how a new trial invalidated his parole revocation. (D.E. 1, Page 9 and D.E. 1-2, Page 6).  Petitioner later pled guilty to both counts of indecency with a child and was sentenced to five years' incarceration. (D.E. 17-33, Pages 11-15).  Further, Petitioner notified the BPP that his motion for a new trial was granted when he requested a motion to reopen his parole revocation hearing on May 1, 2000.  (D.E. 17-8, Pages 64-65).  The BPP denied his motion on September 18, 2000 and notified Petitioner of this denial on September 29, 2000.  (D.E. 17-8, Page 66).  Therefore, even if this denial was arguably the factual predicate date, this federal habeas petition was still filed over twenty years too late.

during the applicable filing period merit equitable tolling.  *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (citation omitted).

Petitioner does not allege any sufficient reasons to suggest equitable tolling applies. Petitioner conclusory asserts "the factual predicate of his claims could not have been discovered until August 28, 2020, when a parole warrant for Petitioner's arrest was executed." (D.E. 20, Pages 8-17).  However, the record clearly contradicts this argument. Petitioner was clearly aware of his April 3, 2000 parole revocation at the time it occurred and the resulting credit revocation as discussed above.  Further, Petitioner was also aware of the denial of his challenge to that parole revocation and credit loss and also of his unsuccessful state habeas petition later that same year.  Therefore, the undersigned finds Petitioner's conclusory argument is without merit.  In short, Petitioner fails to allege sufficient "extraordinary circumstances" that prevented him from timely filing his claim. Petitioner also did not diligently pursue his rights, delaying over 20 years past the deadline to pursue his federal habeas remedy.  Additionally, Petitioner's claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.  Lastly, Petitioner's claim is based upon evidence that was available to him during the limitations period.  Without a basis for equitable or statutory tolling, Petitioner's claims five through eight should be dismissed as time barred.[7]

---

[7]Despite filing his petition on a standard § 2254 form, Petitioner asserts for the first time in his response to the pending Motion for Summary Judgment that in his grounds five through eight, he is actually asserting claims under § 2241 as he is challenging the calculation of his 30 year sentence, not the validity of any judgment.  (D.E. 20, Pages 5-6). Therefore, Petitioner asserts the one year statute of limitations does not apply.  However, Petitioner then goes on to again challenge the validity of the 2000 parole revocation decision to revoke his sentence credits, as he did in his § 2254 petition, which is the basis of any alleged miscalculation.  (D.E. 1; D.E. 1-2 and D.E. 20, Pages 6-7).  This is made even clearer as Petitioner requests the "restoration of all forfeited, suspended or deprived calendar, flat time

## VI.    CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Court of Appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability ("COA").  A district court ruling on a petitioner's relief may *sua sponte* rule on a COA because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious."  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  As to claims the Court rejects solely on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  As to claims the Court rejects solely

---

and/or good time credits applicable to state [his] state prison sentence" in the relief sought section of his petition. (D.E. 1, Page 7).  Therefore, the undersigned declines to consider this petition under § 2241.  It is clear Petitioner is challenging the validity of the April 3, 2000 parole revocation decision and resulting loss of his sentence credit, not simply the calculation of his sentence.  Petitioner also appears to argue that he is somehow not a person in custody and therefore the statute of limitations does not apply.  This argument is also without merit.  (D.E. 20, Pages 6-7).

16 / 18

on procedural grounds, the Petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. (emphasis added).

In Petitioner's case, it is recommended that the Court find his claims be dismissed on substantive and procedural grounds. Reasonable jurists would not find that Petitioner has stated a valid claim of denial of a constitutional right or that the assessment of limitations in this case is debatable. If the District Judge orders that Petitioner's habeas petition be denied and Petitioner seeks a COA in order to proceed with his case, it is further recommended that the Court find a COA be denied because he has not made the necessary showing for issuance.

## VII.   RECOMMENDATION

The undersigned **RECOMMENDS** the Court **GRANT** Respondent's Motion for Summary Judgment (D.E. 15) and **DISMISS** this action. The undersigned further **RECOMMENDS** the Court **DENY** a Certificate of Appealability.

Respectfully submitted on August 8, 2023.

Jason B. Libby
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).